## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| RAYMOND GRESHAM, III<br>3318 East Capitol Street, N.W., #2D<br>Washington, DC 20019 | * <br> * <br> * <br> * |
| Plaintiff, | * <br> * |
| v. | *     CASE NO.: _____<br> * |
| NKM TRUCKING<br>17645 Headline Road<br>Long Sault, Ontario, Canada K0C 1P0<br>SERVE:   Maia Deveau,<br>          Office of the Attorney General<br>          Chancery Place<br>          975 King Street, Suite 2078<br>          Fredericton, NB E3B 1E9 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| and | * <br> * |
| SHELIA ST. PIERRE<br>7182 Kedgnick West<br>New Brunswick, Canada E8B 1W3<br>SERVE:   Maia Deveau,<br>          Office of the Attorney General<br>          Chancery Place<br>          975 King Street, Suite 2078<br>          Fredericton, NB E3B 1E9 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| Defendants. | * |

## COMPLAINT

**COMES NOW** Plaintiff, Raymond Gresham, III, by and through counsel, DuBoff & Associates, Chartered and Joel DuBoff, Esquire, and sues Defendants NKM Trucking and Shelia St. Pierre, and for grounds states as follows:

## JURISDICTION

1.      This cause of action arose in the District of Columbia and brought pursuant to 28 U.S.C. §1332 and under the laws of the District of Columbia. Venue is proper in that the acts complained of herein occurred within the District of Columbia.

## PARTIES

2.      Upon information and belief, Defendant Shelia St. Pierre [hereinafter "St. Pierre"] is a Canadian citizen who was operating a commercial vehicle within the District of Columbia.

3.      Defendant NKM Trucking [hereinafter "NKM"] is a Canadian Company engaged in the business of interstate commerce within the District of Columbia.

4.      It is upon information and belief, that at all times pertinent hereto, Defendant St. Pierre was under the employ and was a servant, agent, lessor and/or lessee, representative or assignee of Defendants NKM.  As such, to the extent St. Pierre's negligent conduct and/or their own negligence as managers, maintenance control and conditioning was a proximate cause of the subject crash and the vehicle being owned, managed, and/or leased by Defendant NKM, Plaintiff makes claim against Defendant NKM under the theory of *respondeat superior,* negligent supervision, wrongful retention/hiring, , negligent training and oversight of employed truck drivers.

## FACTS

5.      On or about April 26, 2016, at approximately 2:00 p.m. Plaintiff was lawfully standing beside a parked vehicle at or near the location of 3300 East Capitol Street, NE, Washington, DC 20019, a one-way street.

6.      At the same time and place, Defendant St. Pierre was operating a motor vehicle, owned, leased, and/or managed by Defendants NKM; traveling the wrong way on East Capitol Street, NE, Washington, D.C.

7.    It is based upon information and belief, that Defendant St. Pierre was operating a large tractor-trailer type vehicle.

8.    Suddenly and without warning, Defendant St. Pierre, after observing Plaintiff, failed to stop her vehicle, and violently ran into the pedestrian Plaintiff, causing Plaintiff to incur serious and painful injuries, including but not limited to pelvic fractures, which have required Intensive Care Unit, emergency medical care, treatment and attention and for Plaintiff to undergo multiple surgeries and extensive follow up therapy.

9.    Defendant St. Pierre had the duty to exercise due care for other persons on the roadway; to keep a proper lookout for other traffic and pedestrians on the roadway; to maintain, monitor and apply her brakes in a timely manner; to follow all road signs; to avoid striking other vehicles and pedestrians lawfully upon the roadway; to avoid causing damage to pedestrians and other motor vehicles on the roadway, to wit Plaintiff, and to obey the laws, rules and regulations governing the operation of motor vehicles then and there in effect in the District of Columbia.

10.    Defendant St. Pierre was negligent, in breaching all of the above stated duties, and said negligence being a proximate cause of Plaintiff's injuries and losses; all without any negligence on the part of Plaintiff contributing thereto.

11.    As a result of Defendant St. Pierre's negligence, individually and acting within the course and scope of her employment with Defendant NKM and as a result of the negligent retention, maintenance/control with Defendant NKM; Plaintiff suffered, and continues to suffer physical pain, injury, surgery, scarring, permanent disability; suffered and will continue to suffer emotional anguish and psychological distress; incurred and will continue to incur large medical and other related expenses; pain and suffering, lost wages and wage earning opportunities; all without Plaintiff contributing thereto.

WHEREFORE, Plaintiff Raymond Gresham, III, prays this Honorable Court to find in his favor, and against Defendant(s) NKM Trucking and Shelia St. Pierre, jointly and severally, in the fair and just amount of FIVE MILLION, EIGHT HUNDRED EIGHTY THOUSAND DOLLARS ($5,880,000.00), plus costs, pre and post judgment interest, attorneys fees and such other and further relief as this Honorable Court may deem necessary and appropriate.

## COUNT II
### (Negligent Supervision and *Respondeat Superior*)

12.    Plaintiff hereby incorporates, by reference thereto, paragraphs 1 through 11, inclusive, as if fully set forth herein and further alleges:

13.    Defendant NKM knew, or should have known, that Defendant St. Pierre would likely be in contact with members of the public. Plaintiff is a member of the general public and it was foreseeable that he may come in contact with Defendant's employees, namely defendant St. Pierre.

14.    Defendant NKM negligent failure to adequately supervise or discipline or in any other way control Defendant St. Pierre in the exercise of her duties, and Defendant NKM's failure to enforce the laws of the District of Columbia and the United States Department of Transportation, is evidence of a reckless lack of cautious regard for the rights of the public, including those of Plaintiff, and exhibits a lack of that degree of due care which prudent and reasonable individuals would demonstrate in the execution of their duties.

15.    At all times relevant hereto Defendant St. Pierre was an employee, agent and/or servant of Defendant NKM and was acting within the course and scope of her employment, and under the supervision of Defendant NKM.

16.     Defendant, NKM, is directly liable and responsible for the acts or omissions of Defendant St. Pierre, while acting within the course and scope of her employment, under the theory of *Respondeat Superior*.

17.     Defendant NKM, by and through its counsel, has repeatedly refused to inform Plaintiff of any and all insurance policies related to the allegations contained within this Complaint in direct violation of District of Columbia Code 31-2403.01 and United States Department of Transportation Regulations.

WHEREFORE, Plaintiff Raymond Gresham, III, prays this Honorable Court to find in his favor, and against Defendant(s) NKM Trucking, in the fair and just amount of FIVE MILLION EIGHT HUNDRED EIGHTY THOUSAND DOLLARS ($5,880,000.00), plus costs, pre and post judgment interest, attorneys fees and such other and further relief as this Honorable Court may deem necessary and appropriate.

Respectfully submitted,

By: _____

Joel DuBoff, Esquire (180356)
DUBOFF & ASSOCIATES, CHARTERED
1300 Spring Street, Suite 120
Silver Spring, Maryland 20910
(301) 495-3131     Office
(301) 587-1872     Facsimile

## JURY DEMAND

Plaintiff demands a trial by jury for all matters contained herein.

_____

Joel DuBoff, Esquire (180356)

5